IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HENRY RUIZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 07-0369-CV-W-ODS-P |
| ) | Crim. No. 04-00378-04-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF
APPEALABILITY

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court also declines to issue a Certificate of Appealability.

I. BACKGROUND

Movant was convicted by a jury of various drug and firearm offenses. The Government filed a Notice and Information of Intent to Use Prior Convictions to Enhance Punishment approximately one month before trial commenced. The Notice specified three prior convictions in state court that would be relied upon to invoke the mandatory ten year minimum sentence dictated by 21 U.S.C. § 841(b)(1)(B) if Movant were found guilty. The minimum sentence was reflected in the Presentence Investigation Report ("PSR"), and no objections were made. At sentencing, the Court advised Movant that the minimum sentence was ten years; no objection or other response was made. Movant was sentenced to the statutory minimum of ten years imprisonment. Movant appealed the conviction (but not the sentence), and the conviction was affirmed. United States v. Ruiz, 446 F.3d 762 (8th Cir. 2006).

Movant then timely filed a motion for postconviction relief, alleging he did not receive notice of the enhancement until the PSR was filed and that his attorney should

have objected or raised the issue on appeal. In its response, the Government points out that the notice was filed approximately one month before trial, and further includes a copy of a letter Movant's attorney purportedly sent to Movant about the matter. In his Traverse, Movant denies receiving the letter. He also concedes the notice was properly filed, but argues the notice and sentencing procedures were infirm.

## II. DISCUSSION

Movant's claims rely on alleged violations 21 U.S.C. § 851, which establishes procedures for proving prior convictions, but the actual claim raised is ineffective assistance of counsel. Specifically, he contends his attorney was ineffective for failing to advise him of the notice and for failing to object to or appeal the procedural infirmities he believes existed. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [Movant] to show that [his] 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced [his] defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

2

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

The Court will assume for the sake of argument that counsel failed to tell Movant the Government filed the requisite notice. That fact, alone, did not prejudice Movant's interests. The Government complied with section 851(a)(1) by filing the notice and serving a copy on Movant's attorney. Movant has not explained how anything occurring thereafter would have been altered if he had known the notice was filed.

Movant also contends the Court failed to follow section 851(b), which provides that "the court shall after conviction but before pronouncement of sentence inquire of the person . . . whether he affirms or denies that he has been previously convicted as alleged in the information . . . ." Movant is correct; the transcript of the sentencing hearing reveals that no such colloquy occurred (although the convictions and mandatory minimum sentence are mentioned in the PSR, and Movant did not register any objections). Again, however, the Court fails to discern any prejudice. A violation of section 851(b) is reviewed for harmless error. E.g., United States v. Rounsavall, 115 F.3d 561, 566 (8th Cir. 1997). Movant does not suggest what arguments he could have raised, particularly in light of the limitation contained in section 851(e) ("No person . . . may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."). At most, Movant could have denied that he was the person convicted – but he does not make this or any other argument. Counsel's failure to appeal an issue that would have been reviewed for harmless error, coupled with Movant's failure to suggest any harm, did not prejudice Movant.

Finally, Movant contends the prior convictions could not have been used to enhance his sentence. Section 851(a)(2) disallows the enhancement "if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment *for the offense for which such increased punishment may be imposed.*" (emphasis supplied). Movant insists his prior convictions were not based on an indictment and he did not

3

waive indictment, but this argument misses the mark. The statute requires indictment (or waiver) for the offense for which the defendant is to be sentenced, and does not require indictment (or waiver) for the prior offenses. United States v. Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir. 1993). Movant was indicted on the charges for which he was sentenced in this case.

### III. CERTIFICATE OF APPEALABILITY

In order to appeal, Movant must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the Court's mind and efficiency is promoted. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should be denied. When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Neither the Record nor Movant's arguments suggest Movant was prejudiced by the Court's failure to ask him to confirm or deny his prior convictions during the sentencing hearing. Movant's interpretation of section 851(a)(2) is incorrect, and counsel was not ineffective for failing to assert it. For these reasons, further proceedings are not warranted, and a Certificate of Appealability will not be issued.

## IV. CONCLUSION

Movant's application for relief pursuant to 28 U.S.C. § 2255 is denied and a Certificate of Appealability will not be issued.
IT IS SO ORDERED.

                                                    /s/ Ortrie D. Smith
                                                    ORTRIE D. SMITH, JUDGE
DATE: August 27, 2007                       UNITED STATES DISTRICT COURT